UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL MOURNING, | : | PRISONER |
| Petitioner | : | CASE NO. 3:02CV2318(MRK)(WIG) |
| | : | |
| V. | : | |
| | : | |
| WARDEN ZYRENDA, | : | FEBRUARY 11, 2004 |
| Respondent | : | |

## MOTION TO DISMISS

In this habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254, the petitioner, Michael Mourning, challenges his 1996 guilty pleas and convictions on two counts of sale of narcotics and one count of possession with intent to sell narcotics. In this petition, he raises one claim of error. Specifically, he asserts that the state failed to disclose certain evidence in violation of the principles articulated in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The petitioner is not entitled to federal habeas corpus relief because he filed the instant petition after the one-year statute of limitations expired. Therefore, his untimely petition must be dismissed. *Alternatively*, his claim has not been presented to the appellate courts of Connecticut. As a result, that claim has not been exhausted as required by 28 U.S.C. § 2254(b)(1)(A). Nevertheless, because there are no "available" state remedies by which the petitioner could obtain review of his claim, it must be deemed procedurally defaulted. Absent a showing of good "cause" to excuse the procedural default and actual "prejudice," the petitioner cannot obtain review of his claim in this proceeding brought pursuant to § 2254.

**I.        PROCEDURAL HISTORY**

This procedural history is compiled from documents appended to this Motion to Dismiss dated February 11, 2004, as follows:

Appendix A   Transcript of plea hearing held on June 12, 1996

Appendix B   Transcript of sentencing hearing held on August 7, 1996

Appendix C   Docket sheets and pro se petition in the petitioner's first state habeas corpus matter of <u>Michael Morning v. Warden, State Prison</u>, Docket No. CV96-2281

Appendix D   Memorandum of decision of the first state habeas court dated February 14, 2001 in the matter of <u>Michael Morning v. Warden, State Prison</u>, Docket No. CV96-2281

Appendix E   Copy of first federal habeas corpus petition in the matter of <u>Michael Mourning v. Warden Strange</u>, Case No. 3:00CV1613(JCH)(HBF), U.S. District Court, District of Connecticut

Appendix F   Copy of Ruling on Motion to Dismiss in the matter of <u>Michael Mourning v. Warden Strange</u>, Case No. 3:00CV1613(JCH)(HBF), U.S. District Court, District of Connecticut

Appendix G   Copy of Judgment in the matter of <u>Michael Mourning v. Warden Strange</u>, Case No. 3:00CV1613(JCH)(HBF), U.S. District Court, District of Connecticut

Appendix H   Docket sheets and pro se petition in the petitioner's second state habeas corpus matter of <u>Michael Morning v. David Stango</u>, Docket No. CV00-0165948

Appendix I   Memorandum of decision of the second state habeas court dated September 14, 2001 in the matter of <u>Michael Morning v. David Stango</u>, Docket No. CV00-0165948

Appendix J   Petitioner's motion for extension of time within which to file a petition for certification to appeal and the habeas court's order granting that motion

Appendix K   Petitioner's request to file a late appeal in the Connecticut Appellate Court

Appendix L    Connecticut Appellate Court's decision denying petitioner's request to file a late appeal

Appendix M    Petitioner's motion to the Connecticut Supreme Court for review of the decision of the Appellate Court

Appendix N    Connecticut Supreme Court's decision dismissing the petitioner's request for review

On June 12, 1996, the petitioner pleaded guilty to two counts of sale and one count of possession with intent to sell narcotics in violation of Conn. Gen. Stat. § 21a-277(a). Appendix A.  On August 7, 1996, the trial court imposed a total effective sentence of twenty years, suspended after ten, with five years probation.  Appendix B at 27.  The petitioner did not appeal the judgment of conviction.

On November 1, 1996, the petitioner filed his first state petition for writ of habeas corpus.  Appendix C; Michael Morning v. Warden, State Prison, Docket No. CV96-2281, Superior Court in the judicial district of Tolland.  Eventually, the sole claim pursued by the petitioner alleged that the trial court "did not properly canvass him on the possession with intent to sell offense to which he plead guilty." Appendix D at 1.  In a written memorandum of decision dated February 14, 2001, the state habeas court granted the respondent's motion for summary judgment and denied the petition.  Appendix D. The petitioner did not appeal the decision of the first state habeas court.

Meanwhile, the petitioner sought habeas corpus relief in this Court.  On August 22, 2000, he filed a habeas corpus petition pursuant to 28 U.S.C. § 2254.  Michael Morning v. Warden Strange, Case No. 3:00CV1613(JCH)(HBF), U.S. District Court, District of Connecticut. In that petition, the petitioner raised two claims.  He alleged that (1) his guilty plea was not voluntary because he was not advised of the elements of the offense and

(2) that he was denied the effective assistance of counsel. The respondent moved to dismiss the petition on the ground that the claims had not been exhausted in the state courts of Connecticut. In a ruling dated April 25, 2001, the Court dismissed the petition. Appendix F. Judgment entered on April 30, 2001. Appendix G.

On June 19, 2001, the petitioner filed a second state petition for writ of habeas corpus.[1] Appendix H; <u>Michael Mourning v. David Stango</u>, Docket No. CV01-0165948, Superior Court in the judicial district of Waterbury. In a written memorandum of decision dated September 14, 2001, the second state habeas court dismissed the petition on the grounds that the petitioner's claims could have been raised in the prior habeas corpus proceeding and that the petitioner had failed to demonstrate good "cause" and actual "prejudice" for his failure to raise the claim in his first state habeas petition. Appendix I.

The petitioner did not appeal the decision of the second habeas court in a timely manner. Subsequently, however, he filed a motion with the Connecticut Appellate Court seeking permission to file a late appeal. Appendix K. That motion was denied on February 20, 2002. Appendix L. He next filed a motion asking the Connecticut Supreme Court to review the decision of the Appellate Court. Appendix M. That motion was denied on March 28, 2002. Appendix N.

The petitioner filed the instant petition for writ of habeas corpus nine months later on December 31, 2002.

---

[1] The petitioner also filed a state habeas corpus petition in 1998 in which he alleged that the Department of Correction was not awarding him good time credits as required by statute. That petition was dismissed in September 2000 in light of the Connecticut Supreme Court's decision on the issue in <u>Velez v. Commissioner of Correction</u>, 250 Conn. 536, 738 A.2d 604 (1999). Because that petition did not challenge the petitioner's conviction, it is not relevant to the instant petition.

## II. ARGUMENT

In his petition to this Court, the petitioner raises a single claim of error. Specifically, he alleges that his custody is unlawful because the state failed to disclose certain evidence in violation of the principles articulated in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Because his petition is untimely and his claim is not exhausted, the petitioner is not entitled to review of his claim and the petition must be dismissed.

### A. The Petition Must Be Dismissed Because It Was Not Filed In A Timely Manner

Under 28 U.S.C. § 2254, "a person in custody pursuant to the judgment of a State court may petition a federal court for a writ of habeas corpus on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. . . ." (Citation omitted; quotation marks omitted.) Ross v. Artuz, 150 F.3d 97, 99 (2d Cir. 1998). Prior to the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214, "there was no formal limit on the time for filing such a petition." Ross, 150 F.3d at 99. "AEDPA wrought a significant change." Id. The AEDPA amended 28 U.S.C. § 2244 by adding the following relevant provisions:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

"An application is 'filed,' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. . . . And an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. . . ." (Citations omitted.)  Artuz v. Bennett, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000).

Here, the petitioner was sentenced on August 7, 1996.  Connecticut's Practice Book § 63-1(b) provides that the appeal period begins "when sentence is announced in open court."  An "appeal must be filed within twenty days of the date notice of the judgment or decision is given."  Connecticut Practice Book § 63-1(a).  Therefore, the petitioner had until August 27, 1996, to file a direct appeal of his conviction.  Thus, under Section 2244(d)(1)(A), the statute of limitations began to run on August 28, 1996.  It was tolled on November 1, 1996 when his first state habeas petition was filed.  This period between these two events consisted of sixty-six (66) days.

The instant petitioner filed two post-conviction challenges in state court.[2]  The petitioner's first state petition for writ of habeas corpus was filed on November 1, 1996.  See Docket Sheets in Appendix C; Michael Morning v. Warden, State Prison, Docket No. CV96-2281, Superior Court in the judicial district of Tolland.  On February 14, 2001, the state habeas court granted the respondent's motion for summary judgment and denied the

---

[2] The "proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).

petition. He did not appeal. Thus, the statute of limitations again began to run. It was tolled on June 19, 2001 when the petitioner's second state habeas petition was filed. The period between these two events consisted of 125 days.

The second state petition for writ of habeas corpus was filed on June 19, 2001 and was dismissed on September 14, 2001. Appendices H and I. The petitioner's attempt to file a late appeal of the dismissal was rejected by the Connecticut Supreme Court on March 28, 2002. See Appendices M and N.

Thus, the statute of limitations again began to run on March 28, 2002 when the Connecticut Supreme Court dismissed the his motion to file a late appeal. It was not tolled again until he filed the instant federal petition approximately nine months later on December 31, 2002. The period between these two events consisted of 278 days.

When added together, these three periods of time equal 469 days. Because that exceeds the one-year statute of limitations period, the petition is untimely filed and must be dismissed.

### B. Alternatively, The Petitioner's Brady Claim Has Not Been Exhausted In The State Courts Of Connecticut

Federal habeas corpus relief "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A). Indeed, even if a petitioner can demonstrate a "clear violation" of his rights, federal relief is unwarranted unless available state remedies are exhausted. Duckworth v. Serrano, 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981) (per curiam). This "exhaustion requirement springs primarily from considerations of comity." Daye v. Attorney


General, 696 F.2d 186, 191 (2d Cir. 1982). It requires that federal courts refrain from exercising "habeas review of a state conviction unless the state courts have had an opportunity to consider and correct any violation of federal law" and, thus, demonstrates "respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." Id.

In order to satisfy the exhaustion requirement, "'[i]t is not sufficient merely that the [petitioner] has been through the state courts.' . . . Rather the petitioner's claims must be fairly presented so the that state has the opportunity to correct any alleged constitutional violations. . . ." (Citations omitted.) Ellman v. Davis, 42 F.3d 144, 147 (2d Cir. 1994). Indeed, the U.S. Supreme Court has explained that to "protect the integrity of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts. . . ." (Emphasis in original.) O'Sullivan v. Boerckel, 526 U.S. 838, 848, 119 S.Ct. 1728, 1734, 144 L.Ed.2d 1 (1999). "A petitioner meets the fair presentation requirement if the state court rules on the merits of his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits." Gentry v. Lansdown, 175 F.3d 1082, 1083 (8th Cir. 1999) citing Castille v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989). See also Howard v. Sullivan, 185 F.3d 721, 725 (7th Cir. 1999) (fair presentment "requires the petitioner to have given the state courts a meaningful opportunity to pass upon the substance of the claims she later presses in federal court").

In the instant case, the state petition alleging a Brady violation was dismissed by the state habeas court on September 14, 2001. The petitioner, however, did not file his appeal

9

in a timely manner.  Rather, on December 7, 2001, he filed a motion with the Appellate Court seeking permission to file a late appeal.  Appendix K.  On February 21, 2002, the Appellate Court denied the petitioner's motion.  Appendix L.  On March 4, 2002, the petitioner filed a motion for review of the Appellate Court's decision with the Connecticut Supreme Court.  Appendix M.  That motion was dismissed on March 28, 2002.  Appendix N.

As shown above, the petitioner's <u>Brady</u> claim was not properly presented to the appellate courts of Connecticut because the petitioner failed to timely appeal the habeas court's dismissal of his petition.  Therefore, his <u>Brady</u> claim has not been exhausted and he is not entitled to federal habeas court review of his claim.

### C. Because The Petitioner Has No Available State Court Remedies, His <u>Brady</u> Claim Has Been Procedurally Defaulted

An unexhausted claim will be deemed "exhausted" if it is clear that a state court would hold the claim to be procedurally barred.  <u>Grey v. Hoke</u>, 933 F.2d 117, 120-21 (2nd Cir. 1991).  "In such a case, a petitioner no longer has 'remedies available in the courts of the state' within the meaning of 28 U.S.C. § 2254(b).  <u>See</u> <u>also</u> 28 U.S.C. § 2254(c)."  <u>Grey</u>, 933 F.2d at 120.  As more fully explained in the accompanying memorandum of law, Connecticut law prevents the petitioner from resurrecting his claim.

This does not mean, however, that he is entitled to review of his <u>Brady</u> claim in this § 2254 proceeding.  Because the petitioner has not exhausted his claim and has no "available" remedies in the state courts, his claim must be deemed procedurally barred. <u>Grey</u>, 933 F.2d at 120.  His forfeiture in state court "bars him from litigating the merits of [his claim] in federal habeas proceedings, absent a showing of cause for the procedural

default and prejudice resulting therefrom." Id. at 121.  See also Teague v. Lane, 489 U.S. 288, 297-99, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

For these reasons, the petitioner's claim is procedurally barred.  Unless he can demonstrate sufficient "cause and prejudice" to excuse that default, his petition must be dismissed.

### III.    CONCLUSION

Because the instant petition is untimely filed and his claim is procedurally barred, the respondent moves this Court to dismiss the petitioner's current attack on 1996 state convictions.

        Respectfully submitted,

        RESPONDENT--WARDEN ZYRENDA

By: _____
JO ANNE SULIK
Assistant State's Attorney
Civil Litigation Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, Connecticut 06067
(860) 258-5887
(860) 258-5968 (fax)
Fed. Bar. No. ct 15122

11

## **CERTIFICATION**

I hereby certify that a copy of this document was mailed to Michael Mourning, 54 Crown Street, 2nd Floor, Waterbury, Connecticut 06704, on February 11, 2004.

_____
JO ANNE SULIK
Assistant State's Attorney