UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
|  | : | PRISONER |
| MICHAEL MOURNING, | : | CASE NO. 3:02CV2318(MRK)(WIG) |
| Petitioner | : |  |
|  | : |  |
| V. | : |  |
|  | : |  |
| WARDEN ZYRENDA, | : | FEBRUARY 11, 2004 |
| Respondent | : |  |

MEMORANDUM OF LAW IN SUPPORT OF
RESPONDENT'S MOTION TO DISMISS

In this habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254, the petitioner, Michael Mourning, challenges his 1996 guilty pleas and convictions on two counts of sale of narcotics and one count of possession with intent to sell narcotics. In this petition, he raises one claim of error. Specifically, he asserts that the state failed to disclose certain evidence in violation of the principles articulated in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The petitioner is not entitled to federal habeas corpus relief because he filed the instant petition after the one-year statute of limitations expired. Therefore, his untimely petition must be dismissed. *Alternatively*, his claim has not been presented to the appellate courts of Connecticut. As a result, that claim has not been exhausted as required by 28 U.S.C. § 2254(b)(1)(A). Nevertheless, because there are no "available" state remedies by which the petitioner could obtain review of his claim, it must be deemed procedurally defaulted. Absent a showing of good "cause" to excuse the procedural default and actual "prejudice," the petitioner cannot obtain review of his claim in this proceeding brought pursuant to § 2254.

## I.    PROCEDURAL HISTORY

This procedural history is compiled from documents appended to the respondent's

Motion to Dismiss dated February 6, 2004, as follows:

Appendix A   Transcript of plea hearing held on June 12, 1996

Appendix B   Transcript of sentencing hearing held on August 7, 1996

Appendix C   Docket sheets and pro se petition in the petitioner's first state habeas corpus matter of <u>Michael Morning v. Warden, State Prison</u>, Docket No. CV96-2281

Appendix D   Memorandum of decision of the first state habeas court dated February 14, 2001 in the matter of <u>Michael Morning v. Warden, State Prison</u>, Docket No. CV96-2281

Appendix E   Copy of first federal habeas corpus petition in the matter of <u>Michael Mourning v. Warden Strange</u>, Case No. 3:00CV1613(JCH)(HBF), U.S. District Court, District of Connecticut

Appendix F   Copy of Ruling on Motion to Dismiss in the matter of <u>Michael Mourning v. Warden Strange</u>, Case No. 3:00CV1613(JCH)(HBF), U.S. District Court, District of Connecticut

Appendix G   Copy of Judgment in the matter of <u>Michael Mourning v. Warden Strange</u>, Case No. 3:00CV1613(JCH)(HBF), U.S. District Court, District of Connecticut

Appendix H   Docket sheets and pro se petition in the petitioner's second state habeas corpus matter of <u>Michael Morning v. David Stango</u>, Docket No. CV00-0165948

Appendix I   Memorandum of decision of the second state habeas court dated September 14, 2001 in the matter of <u>Michael Morning v. David Stango</u>, Docket No. CV00-0165948

Appendix J   Petitioner's motion for extension of time within which to file a petition for certification to appeal and the habeas court's order granting that motion

Appendix K   Petitioner's request to file a late appeal in the Connecticut Appellate Court

Appendix L   Connecticut Appellate Court's decision denying petitioner's request to file a late appeal

Appendix M   Petitioner's motion to the Connecticut Supreme Court for review of the decision of the Appellate Court

Appendix N   Connecticut Supreme Court's decision dismissing the petitioner's request for review

On June 12, 1996, the petitioner pleaded guilty to two counts of sale and one count of possession with intent to sell narcotics in violation of Conn. Gen. Stat. § 21a-277(a). Appendix A.   On August 7, 1996, the trial court imposed a total effective sentence of twenty years, suspended after ten, with five years probation.   Appendix B at 27.   The petitioner did not appeal the judgment of conviction.

On November 1, 1996, the petitioner filed his first state petition for writ of habeas corpus.  Appendix C; Michael Morning v. Warden, State Prison, Docket No. CV96-2281, Superior Court in the judicial district of Tolland.  Eventually, the sole claim pursued by the petitioner alleged that the trial court "did not properly canvass him on the possession with intent to sell offense to which he plead guilty." Appendix D at 1.  In a written memorandum of decision dated February 14, 2001, the state habeas court granted the respondent's motion for summary judgment and denied the petition.  Appendix D.  The petitioner did not appeal the decision of the first state habeas court.

Meanwhile, the petitioner sought habeas corpus relief in this Court.  On August 22, 2000, he filed a habeas corpus petition pursuant to 28 U.S.C. § 2254.  Michael Morning v. Warden Strange, Case No. 3:00CV1613(JCH)(HBF), U.S. District Court, District of Connecticut.  In that petition, the petitioner raised two claims.  He alleged that (1) his guilty

3

plea was not voluntary because he was not advised of the elements of the offense and (2) that he was denied the effective assistance of counsel.  The respondent moved to dismiss the petition on the ground that the claims had not been exhausted in the state courts of Connecticut.  In a ruling dated April 25, 2001, the Court dismissed the petition.  Appendix F.  Judgment entered on April 30, 2001.  Appendix G.

On June 19, 2001, the petitioner filed a second state petition for writ of habeas corpus.[1]  Appendix H; Michael Mourning v. David Stango, Docket No. CV01-0165948, Superior Court in the judicial district of Waterbury.  In that proceeding, he alleged that "the state failed to disclose certain exculpatory evidence in his criminal cases. . . ."  Appendix H.  Specifically, he alleged that the state failed to disclose:

>        (1)    "that a police officer fabricated a toxicology report indicating a positive finding of heroin, and made misstatements in an arrest warrant describing the seizure of certain contraband;"
>
>        (2)    "that certain transcriptions or videotapes referred to in arrest warrants or reports are nonexistent;" and
>
>        (3)    "that one of the toxicology reports from the state lab identifies the petitioner as the source of the tested substance when in fact the arrest report indicates that he drugs were seized from another person."

Appendix H.

In a written memorandum of decision dated September 14, 2001, the second state habeas court dismissed the petition on the grounds that the petitioner's claims could have

---

[1]    The petitioner also filed a state habeas corpus petition in 1998 in which he alleged that the Department of Correction was not awarding him good time credits as required by statute.  That petition was dismissed in September 2000 in light of the Connecticut Supreme Court's decision on the issue in Velez v. Commissioner of Correction, 250 Conn. 536, 738 A.2d 604 (1999).  Because that petition did not challenge the petitioner's conviction, it is not relevant to the instant petition.

been raised in the prior habeas corpus proceeding and that the petitioner had failed to demonstrate good "cause" and actual "prejudice" for his failure to raise the claim in his first state habeas petition. Appendix I. The petitioner did not appeal the decision of the second habeas court in a timely manner. Subsequently, however, he filed a motion with the Connecticut Appellate Court seeking permission to file a late appeal. Appendix K. That motion was denied on February 20, 2002. Appendix L. He next filed a motion asking the Connecticut Supreme Court to review the decision of the Appellate Court. Appendix M. That motion was denied on March 28, 2002. Appendix N.

The petitioner filed the instant petition for writ of habeas corpus nine months later on December 31, 2002.

## II.    ARGUMENT

In his petition to this Court, the petitioner raises a single claim of error. Specifically, he alleges that his custody is unlawful because the state failed to disclose certain evidence in violation of the principles articulated in <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In his petition, he asserts that:

> The petitioner [states] that the prosecutor failed to disclose Brady Material, which violated his rights under Article 1 Section 8 of the Connecticut Constitution due process of law, and under the United States Constitution, the 6th Amendment[.] The Petitioner states that the prosecution had an obligation to disclose this information by request of the petitioner's [attorney] or by the willingness of him or herself[.] [T]his obligation is also governed by [statute.] The petitioner [states] that by using the Freedom of Information Act he undisclosed that (1) In the November 09, 1994 arrest that Det. John Merrullo fabricated toxicology report lab no; 95C00126, and also had given false statement in the arrest warrant in paragraph 8 dated November 11, 1994 that he retrieved the alleged contraband, (2) the none [existing] statement's of [Deanne Grise], [Calvert Mouning] and the alleged videotape, which he stated that [probable] cause [existed] in the arrest dated May 25, 1995[.] Then in the arrest [February] 02, 1995[.] The prosecution carry out this sentence, when they knew that no contraband was founded [sic] on my

5

person[.] See page 3 of the incident report[.] [O]fficer Krupinski stated at the time of my arrest <u>no</u> drugs were founded [sic] on my person, but the toxicology report has me as being the source of the one packet of drugs, which was founded [sic] on [Ms. Lucille Struges.] The petitioner states that the prosecution authority should have disclosed this information to the sentencing court and at the writ habeas corpus proceeding, after been ordered by the Court by Hon Zarrella in Rockville Superior[.] The Petitioner states that had this information been disclosed the outcome there would have been an reasonable probability that the outcome would have been different, and that by such failure of the prosecution to do so violated the due process of law.

Petition [Doc. # 2].[2]

### A.    The Petition Must Be Dismissed Because It Was Not Filed In A Timely Manner

Under 28 U.S.C. § 2254, "a person in custody pursuant to the judgment of a State court may petition a federal court for a writ of habeas corpus on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. . . ." (Citation omitted; quotation marks omitted.) <u>Ross v. Artuz</u>, 150 F.3d 97, 99 (2d Cir. 1998). Prior to the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214, "there was no formal limit on the time for filing such a petition." <u>Ross</u>, 150 F.3d at 99. "AEDPA wrought a significant change." <u>Id</u>. The AEDPA amended 28 U.S.C. § 2244 by adding the following relevant provisions:

---

[2]    Although the motion to dismiss is brought on procedural grounds, the respondent notes that the assistant state's attorney advised the court, in the petitioner's presence, that no drugs were found on the petitioner's person. <u>See</u> Appendix B at 12. The petitioner obviously understood this because he told the probation officer who prepared the presentence investigation report (PSI) that, "I understand the nature of these charges are serious and not one of the occasions were any drugs found in my possession. . . . the drugs weren't found on me. . . ." Appendix B at 24.  His attorney explained that the petitioner initially felt that "because nothing was ever found on him, 'How could I--How could I be arrested?'" Appendix B at 25-26. Nevertheless, when the trial court asked the petitioner, "You are not denying at all the sale at this time, are you, Sir?" The petitioner replied, "No."

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

(A)    the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2). "An application is 'filed,' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. . . .  And an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. . . ."  (Citations omitted.)  Artuz v. Bennett, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000).

Here, the petitioner was sentenced on August 7, 1996.  Connecticut's Practice Book § 63-1(b) provides that the appeal period begins "when sentence is announced in open court."  An "appeal must be filed within twenty days of the date notice of the judgment or decision is given."  Connecticut Practice Book § 63-1(a).  Therefore, the petitioner had until August 27, 1996, to file a direct appeal of his conviction.  Thus, under Section 2244(d)(1)(A), the statute of limitations began to run on August 28, 1996.  It was tolled on November 1, 1996 when his first state habeas petition was filed.  This period between these two events consisted of sixty-six (66) days.

The instant petitioner filed two post-conviction challenges in state court.[3]  The petitioner's first state petition for writ of habeas corpus was filed on November 1, 1996. See Docket Sheets in Appendix C; Michael Morning v. Warden, State Prison, Docket No. CV96-2281, Superior Court in the judicial district of Tolland.  On February 14, 2001, the state habeas court granted the respondent's motion for summary judgment and denied the petition.  He did not appeal.  Thus, the statute of limitations again began to run. It was tolled on June 19, 2001 when the petitioner's second state habeas petition was filed.  The period between these two events consisted of 125 days.

As previously explained, the second state petition for writ of habeas corpus was filed on June 19, 2001 and was dismissed on September 14, 2001.  Appendices H and I.  The petitioner's attempt to file a late appeal of the dismissal was rejected by the Connecticut Supreme Court on March 28, 2002.  See Appendices M and N.

Thus, the statute of limitations again began to run on March 28, 2002 when the Connecticut Supreme Court dismissed the his motion to file a late appeal.  It was not tolled again until he filed the instant federal petition approximately nine months later on December 31, 2002.  The period between these two events consisted of 278 days.

When added together, these three periods of time equal 469 days.  Because that exceeds the one-year statute of limitations period, the petition is untimely filed and must be dismissed.

---

[3]     The "proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).

The fact that the petitioner also filed a federal habeas petition in August 2000 does not save the timeliness of the instant petition.  The period of time during which his first federal petition was pending is *not* excludable under § 2244(d)(2).  That Section provides that "[t]he time during which a properly filed application for *State* post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  (Emphasis added.)  The U.S. Supreme Court has interpreted this to mean that the time during which a *federal* petition is pending will not toll the statute of limitations.  Duncan v. Walker, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).  See also Rodriguez v. Bennett, 303 F.3d 435, 438 (2d Cir. 2002).

The one-year statute of limitations, however, is not jurisdictional.  Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).  Therefore, a court may equitably toll the one-year period for a variety of reasons.  In the instant case, the petitioner could argue that the period during which his first federal habeas petition was pending warrants equitable tolling.  See Rodriguez v. Bennett, 303 F.3d 435 (2d Cir. 2002) (remanding case to the district court for a determination of whether equitable tolling was appropriate for the period during which the petitioner's first federal petition was pending).  Equitable tolling, however, "applies only in the 'rare and exceptional circumstance[].'"  (Citations omitted.)  Smith, 208 F.3d at 17.  "In order to equitably toll the one-year period of limitations, [a petitioner] must show that extraordinary circumstances prevented him from filing his petition on time."  Id.

The issue of equitable tolling, however, is not relevant to the instant case.  Even if the period during which the federal petition was pending is *not* counted towards the statute of limitations, the instant petition is untimely filed.  The first federal petition was filed on

9

August 22, 2000 and judgment entered on April 30, 2001. Thus, even if the seventy-five (75) day period between February 14, 2001 (when the first state habeas petition was dismissed) and April 30, 2001 (when judgment entered in the first federal habeas petition) was not counted against the statute of limitations, the instant petition still would be untimely. Excluding the 75 day period would leave the petitioner with 394 days--or 29 days more than the one-year limitations period. Therefore, the petition is untimely filed and must be dismissed.

> **B.    Alternatively, The Petitioner's <u>Brady</u> Claim Has Not Been Exhausted In The State Courts Of Connecticut**

Federal habeas corpus relief "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A). Indeed, even if a petitioner can demonstrate a "clear violation" of his rights, federal relief is unwarranted unless available state remedies are exhausted. <u>Duckworth v. Serrano</u>, 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981) (per curiam). This "exhaustion requirement springs primarily from considerations of comity." <u>Daye v. Attorney General</u>, 696 F.2d 186, 191 (2d Cir. 1982). It requires that federal courts refrain from exercising "habeas review of a state conviction unless the state courts have had an opportunity to consider and correct any violation of federal law" and, thus, demonstrates "respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." <u>Id</u>.

In order to satisfy the exhaustion requirement, "'[i]t is not sufficient merely that the [petitioner] has been through the state courts.' . . . Rather the petitioner's claims must be fairly presented so the that state has the opportunity to correct any alleged constitutional

violations. . . ." (Citations omitted.)  <u>Ellman v. Davis</u>, 42 F.3d 144, 147 (2d Cir. 1994).

Indeed, the U.S. Supreme Court has explained that to "protect the integrity of the federal

exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but

also whether he has *properly* exhausted those remedies, <u>i.e.</u>, whether he has fairly

presented his claims to the state courts. . . ."  (Emphasis in original.)  <u>O'Sullivan v.

Boerckel</u>, 526 U.S. 838, 848, 119 S.Ct. 1728, 1734, 144 L.Ed.2d 1 (1999).  "A petitioner

meets the fair presentation requirement if the state court rules on the merits of his claims,

or if he presents his claims in a manner that entitles him to a ruling on the merits."  <u>Gentry

v. Lansdown</u>, 175 F.3d 1082, 1083 (8th Cir. 1999) <u>citing</u> <u>Castille v. Peoples</u>, 489 U.S. 346,

351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989).  <u>See</u> <u>also</u> <u>Howard v. Sullivan</u>,

185 F.3d 721, 725 (7th Cir. 1999) (fair presentment "requires the petitioner to have given

the state courts a meaningful opportunity to pass upon the substance of the claims she

later presses in federal court").

In the instant case, the state petition alleging a <u>Brady</u> violation was dismissed by the

state habeas court on September 14, 2001.  The petitioner then had ten days within which

to file a petition for certification to appeal pursuant to Connecticut General Statutes

§ 52-470(b).[4]  He moved for an extension of time within which to file that petition.

---

[4]    General Statutes § 52-470(b) provides that:

No appeal from the judgment rendered in a habeas corpus proceeding
brought in order to obtain his release by or in behalf of one who has been
convicted of crime may be taken unless the appellant, within ten days after
the case is decided, petitions the judge before whom the case was tried or
a judge of the supreme court or appellate court to certify that a question is
involved in the decision which ought to be reviewed by the court having
jurisdiction and the judge so certifies.

Appendix J.  That motion was granted and the petitioner was ordered to file his petition for certification within twenty days of receiving the appropriate forms from the Clerk of the Court.  Appendix J.  The petitioner's petition was filed in a timely manner and the habeas court denied it on November 5, 2001.  The petitioner then had twenty days within which to file an appeal to the Connecticut Appellate Court[5]--i.e., the petitioner had to file his appeal by November 25, 2001.[6]   The petitioner, however, did not file his appeal in a timely manner.  Rather, on December 7, 2001, he filed a motion with the Appellate Court seeking permission to file a late appeal.  Appendix K.  On February 21, 2002, the Appellate Court denied the petitioner's motion.  Appendix L.  On March 4, 2002, the petitioner filed a motion for review of the Appellate Court's decision with the Connecticut Supreme Court.  Appendix M.  That motion was dismissed on March 28, 2002.  Appendix N.

As shown above, the petitioner's Brady claim was not properly presented  to the appellate courts of Connecticut because the petitioner failed to timely appeal the habeas court's dismissal of his petition.  Therefore, his Brady claim has not been exhausted and he is not entitled to federal habeas court review of his claim.

_____

[5]     A habeas petitioner may appeal the denial of a petition for certification to appeal.  To demonstrate that the habeas court abused its discretion in denying the petition for certification, the petitioner must show that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. Simms v. Warden, 230 Conn. 608, 616, 646 A.2d 126 (1994), adopting the criteria of Lozada v. Deeds, 498 U.S. 430, 432, 111 S.Ct. 860, 862, 112 L.Ed.2d 956 (1991).

[6]     Connecticut Practice Book § 63-1(a) provides, in part, that "[u]nless a different time period is provided by statue, an appeal must be filed within twenty days of the date notice of the judgment or decision is given."

12

**C.    Because The Petitioner Has No Available State Court
        Remedies, His <u>Brady</u> Claim Has Been Procedurally Defaulted**

An unexhausted claim will be deemed "exhausted" if it is clear that a state court would hold the claim to be procedurally barred.  <u>Grey v. Hoke</u>, 933 F.2d 117, 120-21 (2nd Cir. 1991).  "In such a case, a petitioner no longer has 'remedies available in the courts of the state' within the meaning of 28 U.S.C. § 2254(b).  <u>See</u> <u>also</u> 28 U.S.C. § 2254(c)."  <u>Grey</u>, 933 F.2d at 120.

Here, Connecticut law prevents the petitioner from resurrecting his claim.  The second habeas court refused to review the petitioner's claim because, although he was aware of the basis for the claim, he did not pursue his <u>Brady</u> claim at the time of his first petition.  The petitioner then failed to comply with the state's time limitations for the filing of an appeal from that decision.  His request to file a late appeal was denied by the Connecticut Appellate Court and the Connecticut Supreme Court upheld the Appellate Court's ruling.  Should he again attempt to litigate that claim in a third state habeas corpus proceeding, he would be barred from doing so.  Connecticut's Practice Book § 23-29(3) provides that a habeas court may dismiss a habeas petition, or any count thereof, if it determines that "the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonable available at the time of the prior petition."  Likewise, review of the petition would be barred by the doctrine of res judicata.  <u>See</u> <u>Brown v. Commissioner of Correction</u>, 44 Conn. App. 746, 692 A.2d 1285 (1997) (where petitioner had previously raised a claim that his counsel was ineffective, the court held that the "rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in

support of it").  Moreover, the petitioner could not raise his claim in a petition for a new trial pursuant to General Statutes § 52-270.  Under General Statutes § 52-582, such a petition must be filed within three years of the date of sentencing.  Likewise, a writ of error coram nobis must be filed within three years of the judgment of conviction.  State v. Grisgraber, 183 Conn. 383, 385, 439 A.2d 377 (1981).  Thus, the petitioner has no "available" remedies in the state courts of Connecticut.

This does not mean, however, that he is entitled to review of his Brady claim in this § 2254 proceeding.  Because the petitioner has not exhausted his claim and has no "available" remedies in the state courts, his claim must be deemed procedurally barred. Grey, 933 F.2d at 120.  His forfeiture in state court "bars him from litigating the merits of [his claim] in federal habeas proceedings, absent a showing of cause for the procedural default and prejudice resulting therefrom."  Id. at 121.  See also Teague v. Lane, 489 U.S. 288, 297-99, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

For these reasons, the petitioner's claim is procedurally barred.  Unless he can demonstrate sufficient "cause and prejudice" to excuse that default, his petition must be dismissed.

## III.  CONCLUSION

Because the instant petition is untimely filed and his claim is procedurally barred, the respondent moves this Court to dismiss the petitioner's current attack on 1996 state convictions.

14

Respectfully submitted,

RESPONDENT--WARDEN ZYRENDA

By: _____

JO ANNE SULIK
Assistant State's Attorney
Civil Litigation Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, Connecticut 06067
(860) 258-5887
(860) 258-5968 (fax)
Fed. Bar. No. ct 15122

## **CERTIFICATION**

I hereby certify that a copy of this document was mailed to Michael Mourning,

54 Crown Street, 2nd Floor, Waterbury, Connecticut 06704, on February 11, 2004.

_____

JO ANNE SULIK
Assistant State's Attorney

15